UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WISAM GHEBARI,<br><br>    Plaintiff,<br><br>v.<br><br>TRUEACCORD CORP.,<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:21-cv-00999<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

**NOW COMES** the Plaintiff, WISAM GHEBARI ("Plaintiff"), by and through his undersigned attorneys, complaining of the Defendant, TRUEACCORD CORP. ("TAC" or "Defendant"), and pursuant to Federal Rule of Civil Procedure ("FRCP") 23(a), 23(b)(2) and 23(b)(3) alleges the following:

**NATURE OF THE ACTION, JURISDICTION, PARTIES AND VENUE**

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq., the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2. et seq.

2. "Absent disclosures to consumers as to the age of their debt, the legal enforceability of it, and the consequences of making a payment on it, it is plausible that dunning letters seeking collection on time-barred debts may mislead and deceive unsophisticated consumers." Brief of Amici Curiae Federal Trade Commission and Consumer Financial Protection Bureau at 7, *Delgado v. Capital Management Services, LP*, 2013 WL 1194708 (No. 13-2030).

1

3. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692k, 28 U.S.C. §§ 1331, 1337, as this action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

4. Plaintiff is a "consumer" as defined by the FDCPA. *See* 15 U.S.C. 1692a(3).

5. Defendant is incorporated in the State of Delaware.

6. Defendant's registered agent in Illinois is Incorp. Services, Inc. located at 901 South 2nd Street, Suite 201, Springfield, Illinois 62704.

7. Defendant collects and services delinquent consumer debts for others, including a debt allegedly owed by Plaintiff.

8. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction for personal, family, or household purposes.

9. TAC is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephone to collect delinquent consumer accounts and because its collection activities commenced after the subject debt was in default.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

11. Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claim occurred within the Northern District of Illinois.

**FACTS SUPPORTING CAUSE OF ACTION**

12. On February 13, 2021, Defendant sent Plaintiff a debt collection letter via e-mail related to a debt originally incurred through HSBC Bank Nevada, N.A./Capital One Bank USA, N.A. and currently owned by Cavalry SPV I, LLC in the amount of $545.42 ("subject debt").

13. A true and accurate copy of the February 13, 2021 collection correspondence is attached as Exhibit A.

14. The subject debt was for personal goods and services.

15. Defendant acquired the right to collect the subject debt sometime after Plaintiff defaulted on the subject debt.

16. Defendant attempted to coerce Plaintiff into paying the debt.

17. "If the debtor clearly admits the debt to be due and unpaid, and uses language indicating an intention to pay it, a new promise to pay is implied." *Phillip Ross v. St. Clair Foundry Corporation,* 271 Ill.App. 271, 273 (4th Dist. 1933).

18. The subject debt is time-barred; the statute of limitations period in Illinois for filing suit to collect on the subject debt had long expired when Plaintiff received the collection letter.

19. It is well-settled law in Illinois that repayment on a debt which has expired due to the statute of limitations will be revived through payment by the debtor.

20. The collection e-mail listed HSBC Bank Nevada, N.A./Capital One Bank USA, N.A. as the "Original creditor", Cavalry SPV I, LLC as the "Current creditor", and TAC as the entity with whom the subject debt has been placed for collections. *See* Exhibit A.

21. The collection letter sent to Plaintiff via e-mail offered account resolution options as follows:

   a. A settlement in a Single Payment of $381.79;

   b. A 3 month payment plan consisting of 2 consecutive monthly payments of $127.27 and a final monthly payment of $127.25;

   c. A 6 month payment plan consisting of 5 consecutive monthly payments of $72.73 and a final monthly payment of $72.68;

   d. A 12 month payment plan consisting of 11 consecutive monthly payments of $45.46 and a final monthly payments of $45.36; and

  e. An option to resolve for the full balance of $545.42.

22. The collection e-mail further stated, "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, *our Client will not sue you for it or report payment or non-payment of it to a credit bureau. If you make a payment on this debt, our Client will not use the payment to restart the time to sue you on this debt even if the law allows us to do so.*" (*emphasis added*) ("language at issue").

23. The collection e-mail also included a link to enter credit card information to complete payment. *Id.*

24. The collection e-mail is threatening, deceptive, and misleading on its face.

25. The Honorable Harry D. Leinenweber held that similar language in another collection letter used by Defendant was "materially misleading." *See, Pierre v. Midland Credit Management, Inc.*, 16-cv-2895, Memorandum Opinion and Order, Dkt. 105, p. 14 (February 17, 2021). A copy of this opinion is attached as Exhibit B.

26. The collection letter's language is threatening, deceptive, misleading and in violation of the FDCPA for the following reasons.

27. First, Defendant's statement that "our Client will not sue you" is deceptive and materially misleading because an unsophisticated consumer such as Plaintiff could and did understand this language to afford unfettered discretion with Defendant.

28. For example, Defendant is not bound by this language as the language does not say, for example, "under the law, we cannot sue you for this debt."

29. Second, the language provides Defendant with the ability to changes *its* mind in the future.

30. Third, the collection e-mail's language regarding Defendant's statement that "If you make a payment on this debt, our Client will not use the payment to restart the time to sue you on this debt even if the law allows us to do so" leaves open the possibility of the statute of limitations being restarted by Defendant (at its whim) or another debt collector if Defendant decides to sell the subject debt.

31. As Judge Leinenweber held in *Pierre,* "revival would be a hazard to Pierre, who may face suit by Midland if it changed its policies or by someone else if Midland sold Pierre's debt to another, less principled creditor." *Id.* at pgs. 10-11.

32. Fourth, in actively attempting to trick, mislead, confuse or deceive Plaintiff into paying the subject debt, TAC declined to inform Plaintiff what the law clearly holds - that choosing any of the three repayment options may restart the statute of limitations on the subject debt by another "less principled creditor".

33. "An unqualified admission that a debt is due and unpaid, accompanied by nothing said or done to rebut the presumption of a promise to pay it, it is sufficient to revive the debt against the Statute of Limitations." *Phillip Ross v. St. Clair Foundry Corporation,* 271 Ill.App. 271, 273 (4th Dist. 1933).

34. Fifth, although Defendant *stated* that it would not revive the statute of limitations, it did not bother to explain to Plaintiff what constitutes a statute of limitations.

35. Sixth, although Defendant *stated* that it would not revive the statute of limitations, it failed to advise Plaintiff of the possibility of another creditor's refusal to honor Defendant's promise and continue to collect the subject debt.

36. Seventh, Defendant's assertion that it will not revive the statute of limitation is an unlawful attempt to solicit a new promise to pay - which could be used by a subsequent holder or debt collector to revive the applicable statute of limitations.

37. Whether Defendant chooses to honor its statements does not avoid the fact that its statements are deceptive, false and misleading, as a change in management, a new debt buyer or another debt collector may choose not to honor Defendant's past promise.

38. In sum, the collection e-mail is calculated to induce a payment or a response from Plaintiff acknowledging the debt and a promise to pay.

39. In the event that Plaintiff makes a payment towards the subject debt, the clock will restart on the statute of limitations period for collecting upon the subject debt, either by TAC upon a change in its policies or by another creditor in the future.

40. "A new promise to pay a past-due debt which removes a case from the running of the statute of limitations is unlike a normal bargain in that it creates a new debt ..." *Axia Incorporated v. I.C. Harbour Construction Co.* 150 Ill.App.3d 645, 645, 651-52 (2nd Dist. 1986).

41. Defendant offers no assurances as to its choice to forego enforcement of the statute of limitations since the statute of limitations may be revived by another debt collector.

42. Defendant's statements within the collection e-mail are not only deceptive, but baseless, and further add to the state of confusion perpetuated by Defendant's collection practices.

43. Defendant fails to advise Plaintiff that he may still be liable for the subject debt upon the subject debt's acquisition by another debt collector.

44. Defendant had no reason to believe that Plaintiff would be able to decipher its jumbled language in the collection e-mail, nor reconcile it with the conflicting legal nature of the alleged debt.

45. Defendant's communications are intentionally deceptive and confusing to consumers and are designed induce payment on debts that are time-barred.

46. Defendant's harassment techniques are designed to force unsophisticated consumers, such as Plaintiff, to pay time-barred debts in order avoid further harassment, embarrassment, and sheer annoyance.

47. Moreover, Defendant sent three subsequent e-mails with identical language to Plaintiff within 10 days of the original offending e-mail.

48. Plaintiff has suffered from emotional distress as he believed that he will be sued for a debt for which he cannot be sued.

49. Plaintiff has incurred costs and expenses consulting with his attorneys as a result of Defendant's conduct.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### INDIVIDUAL CLAIM

50. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

51. Defendant violated 15 U.S.C. §§1692e, e(10), and f, through its debt collection language used in Exhibit A.

**a. Violations of 15 U.S.C. §1692e**

52. TAC violated 15 U.S.C. 1692e by failing to advise Plaintiff that he cannot be sued on the subject debt. The omission is deceptive because it is designed to coerce payment on a debt that cannot legally be enforced.

53. TAC 15 U.S.C. §1692e(10) by employing deceptive means to collect the subject debt. Specifically, the collection letter used contradictory and confusing language to induce Plaintiff into paying a debt that cannot be legally enforced.

54. By failing to make clear that Plaintiff cannot be sued on the subject debt led Plaintiff to believe that he may eventually be sued on the subject debt.

### b. Violations of 15 U.S.C. §1692f

55. TAC violated 15 U.S.C. §1692f by employing unfair means to collect the subject debt from Plaintiff. Specifically, it is unfair for TAC to conceal from Plaintiff the reality of choosing one of their 3 repayment options.

56. By failing to inform Plaintiff that choosing any of the repayment options would restart the statutory period for another debt collector, or TAC if it chooses to alter its policies, bringing suit against him, TAC acted with knowledge that its conduct would result in Plaintiff forfeiting protections lawfully afforded to him.

57. The subject letter violates 15 U.S.C. § 1692f because it uses unfair and unconscionable means to attempt to collect the alleged debt by (a) failing to disclose that Defendant cannot sue to collect the alleged debt and (b) failing to disclose that even a partial payment or promise to pay may restart the relevant statute of limitations in the future.

58. Pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to actual damages, statutory damages, attorneys' fees and costs.

**WHEREFORE**, Plaintiff WISAM GHEBARI respectfully requests that this Honorable Court enter judgment in his favor and against Defendant as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding the maximum in statutory damages;

c. Awarding actual damages in an amount to be determined at trial, for the underlying FDCPA violations;

d. Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### CLASS ACTION CLAIM

59. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

60. As set forth above, Defendant violated 15 U.S.C. §§1692e, e(10), and f, through its debt collection language used in Exhibit A.

61. Plaintiff brings this Count on behalf of the following putative class

62. The proposed class can be defined as follows:

> All persons with Illinois addresses to whom TrueAccord Corp. sent, from February 22, 2020 through February 22, 2021, an email containing the language "our Client will not sue you for it or report payment or non-payment of it to a credit bureau. If you make a payment on this debt, our Client will not use the payment to restart the time to sue you on this debt even if the law allows us to do so."

63. Pursuant to 15 U.S.C. §1692k, Plaintiff and the Class are entitled to actual damages, statutory damages, attorneys' fees and costs.

9

64. The Class is so numerous that joinder of all individual members in one action would be impracticable, given the expected Class size and modest value of individual claims.

65. On information and belief, over 100 persons received the same e-mail during this time period.

66. Excluded from the Classes are: (a) Defendant, its agents, subsidiaries, parents, successors, predecessors, and any entity in which those parties, or their parents have a controlling interest, and those entities' current and former employees, officers, and directors; (b) the Judge to whom this case is assigned and the Judge's immediate family; (c) any person who executes and files a timely request for exclusion from the Class; (d) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (e) the legal representatives, successors and assigns of any such excluded person.

67. There are common questions of law and fact affecting members of the Class, which common questions predominate over questions that may affect individual members. These common questions include, but are not limited to:

    a. Whether Defendant e-mailed form letters to persons from Illinois seeking to collect alleged time-barred debt without disclosing that Defendant could not sue to collect the alleged debt;

    b. Whether Defendant e-mailed form letters to persons from Illinois seeking to collect alleged time-barred debt without disclosing that if alleged debtors made any payment toward the alleged debt, another debt collector may choose to enforce the revived legal ability to sue on the alleged debt;

    c. Whether Defendant e-mailed form letters to persons from Illinois seeking to collect alleged time-barred debt without disclosing that alleged debtors had the option of not paying anything toward the alleged debt without any legal repercussions; and

    d. Whether Defendant's sending of the form e-mailed letters violated the FDCPA.

68. Plaintiff will fairly and adequately represent the Class members.

69. Plaintiff has no interests that conflict with the interests of Class members.

70. Plaintiff has retained counsel experienced in handling consumer class actions.

71. Neither Plaintiff nor his counsel has any interests that might cause them not to pursue these claims vigorously.

72. This action should be maintained as a class action because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Class.

**WHEREFORE**, Plaintiff, WISAM GHEBARI, respectfully requests that this Honorable Court enter judgment in his favor and in favor of a putative class, and against Defendant, as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding the maximum in statutory damages;

c. Awarding actual damages, in an amount to be determined at trial, for the underlying violations;

d. Awarding Plaintiff costs and reasonable attorney fees; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III -- VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

### INDIVIDUAL CLAIM

73. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

74. The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, **suppression or omission of such material fact** . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.
>
> 815 ILCS 505/2 (emphasis added).

75. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

76. Plaintiff is "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

77. Defendant's debt collection activities are part of the conduct of trade or commerce in the State of Illinois.

### a. Unfairness and Deception

78. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in their attempt to collect a time-barred debt from Plaintiff.

79. TAC's conduct is unfair and deceptive because it does not concretely inform Plaintiff that a partial payment on the subject debt would remove the subject debt from the protections of the statute of limitations if another debt collector attempts to collect the subject debt.

80. As such, consumers such as Plaintiff, may make a payment in reliance on TAC's implied representation that they can lawfully collect the subject debt, thus reviving the statute of limitations and exposing Plaintiff to future legal liability that did not exist at the time the collection letter was sent by TAC.

81. TAC intended that Plaintiff make a payment or acknowledge the debt and thus revive the statute of limitations on the subject debt; if not by TAC, by another debt collector.

82. As pled above, Plaintiff was harmed by TAC's unfair and deceptive practices.

83. Moreover, upon information and belief, these unfair and deceptive practices are part of a pattern and practice of behavior in which TAC routinely engages as part of its business model.

84. ICFA further states: The term "person" includes any natural person or his legal representative, partnership, corporation (domestic and foreign), company, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestui que trust thereof. 815 ILCS 505/1(c).

85. Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. 815 ILCS 505/10a(a).

86. Plaintiff has suffered damages in the form of time spent consulting with his attorneys as a result of TAC's unlawful collection practices. TAC's conduct described above was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff and consumers, generally.

**WHEREFORE**, Plaintiff, WISAM GHEBARI, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT IV -- VIOLATION OF ILLINOIS CONSUMER

## FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

## CLASS ACTION CLAIM

87. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

88. Putative Class Members have suffered damages in the form of paying monies towards time barred debt, or by promising to pay, and thereby reviving the applicable statutes of limitation.

89. TAC's conduct described above was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff and consumers, generally.

**WHEREFORE**, Plaintiff, WISAM GHEBARI, respectfully requests that this Honorable Court enter judgment in the Class's favor and against Defendant as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding class members actual damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: February 22, 2021 Respectfully Submitted,

/s/ Omar T. Sulaiman
/s/ Alexander J. Taylor
/s/ Marwan R. Daher
Omar T. Sulaiman, Esq.
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
osulaiman@sulaimanlaw.com
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com